**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| BROOKE ANNE REID,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 3:26-CV-257 |
| UNITED STATES OF AMERICA and<br>CALVIN LEE STREMMEL,<br>Defendants. | §<br>§<br>§<br>§ | |

**PLAINTIFF, BROOKE ANNE REID'S, ORIGINAL COMPLAINT AGAINST DEFENDANT, UNITED STATES OF AMERICA, AND, IN THE ALTERNATIVE, DEFENDANT, CALVIN LEE STREMMEL**

Plaintiff BROOKE ANNE REID brings this action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 through 2680, and, pleading in the alternative under Federal Rule of Civil Procedure 8(d), against Calvin Lee Stremmel. Plaintiff would respectfully show the Court the following.

## I.
## PARTIES

1.1. This action arises out of bodily injuries and property damage sustained by Plaintiff in a motor vehicle collision that occurred on August 10, 2024, at the intersection of Grand Avenue and 4th Street in Bacliff, Galveston County, Texas.

1.2. Plaintiff BROOKE ANNE REID is an individual who resides in Pasadena, Harris County, Texas.

1.3. Defendant UNITED STATES OF AMERICA is sued under the Federal Tort Claims Act. At all times material to this lawsuit, April Latrice Hunter was an employee of the United States Postal Service, an agency and instrumentality of the United States of America, and was acting within the course and scope of her office and employment.

1.4. Defendant CALVIN LEE STREMMEL is an individual residing at 917 8th Avenue North, Texas City, Galveston County, Texas 77591, and may be served with process at that address or wherever he may be found. Mr. Stremmel is named as a Defendant in the alternative only, as set forth in Count Two below.

## II.
## JURISDICTION

2.1. This Court has exclusive subject matter jurisdiction over Plaintiff's claim against the United States of America pursuant to 28 U.S.C. § 1346(b)(1), which vests the district courts with exclusive jurisdiction over civil actions on claims against the United States for money damages for personal injury caused by the negligent act or omission of an employee of the Government while acting within the scope of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

2.2. This Court has supplemental jurisdiction over Plaintiff's alternative state law negligence claim against Defendant Calvin Lee Stremmel pursuant to 28 U.S.C. § 1367(a). That claim arises from the same collision, at the same intersection, at the same moment in time, and involves the same witnesses, the same physical evidence, the same investigating officer, and the same injuries and damages as the claim against the United States. The claims therefore form part of the same case or controversy under Article III of the United States Constitution.

## III.
## VENUE

3.1. Venue is proper in this district under 28 U.S.C. § 1402(b) because the act and omission complained of occurred in Galveston County, Texas, which lies within the Southern District of Texas.

3.2. Venue as to Defendant Stremmel is proper under 28 U.S.C. § 1391(b)(1) and § 1391(b)(2) because he resides in Galveston County, Texas, within this district, and because a substantial part of the events giving rise to the claim occurred in this district.

3.3. Assignment to the Galveston Division is proper because Galveston County lies within that division under 28 U.S.C. § 124(b)(1).

## IV.
## SERVICE OF PROCESS

4.1. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the summons and complaint on the Civil Process Clerk for United States Attorney Aaron Reitz, United States Attorney for the Southern District of Texas, by certified mail, return receipt requested, at his office.

United States Attorney's Office<br>
Southern District of Texas<br>
ATTN: Civil Process Clerk<br>
1000 Louisiana Street, Suite 2300<br>
Houston, Texas 77002

4.2. Service is also effected by serving a copy of the summons and complaint on the Civil Process Clerk for Todd Blanche, Attorney General of the United States, by certified mail, return receipt requested, at his office.

The United States<br>
Attorney General's Office<br>
ATTN: Civil Process Clerk<br>
950 Pennsylvania Avenue, NW<br>
Washington, DC 20530-0001

4.3. Service is also effected by serving a copy of the summons and complaint on David Steiner, United States Postmaster General, by certified mail, return receipt requested, at his office.

U.S. Postmaster General<br>
United States Postal Service<br>
ATTN: Civil Process Clerk

475 L'Enfant Plaza, S.W.
Washington, DC 20260-0010

4.4. Defendant Calvin Lee Stremmel may be served with process pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) by delivering a copy of the summons and complaint to him personally at his residence, or wherever he may be found.

Calvin Lee Stremmel
917 8th Avenue North
Texas City, Texas 77591

## V.
## JURISDICTIONAL PREREQUISITES AND CONDITIONS PRECEDENT

5.1. Plaintiff has satisfied every jurisdictional prerequisite to this suit under 28 U.S.C. §§ 2401(b), 2672, and 2675(a).

5.2. Plaintiff presented her administrative claim to the United States Postal Service on Standard Form 95, executed and accompanied by a written demand for a sum certain, by certified mail, return receipt requested.

5.3. The claim was received by the United States Postal Service National Tort Center, 1720 Market Street, Room 2400, St. Louis, Missouri 63155, on February 2, 2026, as evidenced by the executed return receipt bearing the National Tort Center's date stamp. A duplicate original was received on the same date by the United States Postal Service at 4600 Aldine Bender Road, North Houston, Texas 77315, as evidenced by a separate executed return receipt.

5.4. Plaintiff's administrative claim stated a sum certain in the total amount of $2,050,000.00, consisting of $50,000.00 for property damage and $2,000,000.00 for personal injury.

5.5. Presentment occurred within two years of the accrual of Plaintiff's claim as required by 28 U.S.C. § 2401(b). The collision occurred on August 10, 2024, and the claim was presented and received on February 2, 2026.

5.6. More than six months have elapsed since the United States Postal Service received Plaintiff's administrative claim. The agency has not made a final disposition of the claim, has not issued a written denial, and has not communicated any response to Plaintiff or her counsel.

5.7. Pursuant to 28 U.S.C. § 2675(a), the failure of the agency to make a final disposition of a claim within six months after it is filed may, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of that section. Plaintiff hereby exercises that option and deems her claim denied.

5.8. All conditions precedent to the filing and maintenance of this suit have been performed, have occurred, or have been waived.

## VI.
## FACTUAL BACKGROUND

6.1. On Saturday, August 10, 2024, at approximately 3:22 p.m., Plaintiff Brooke Anne Reid was a passenger in a gray 2018 Nissan Rogue bearing Texas license plate RKV7437. The Rogue was operated by Defendant Calvin Lee Stremmel.

6.2. Immediately before the collision, Mr. Stremmel was traveling on 4th Street and was undertaking a left hand turn onto Grand Avenue in order to travel eastbound. The Rogue was occupying the intersection of Grand Avenue and 4th Street at the time of impact.

6.3. At that same time and place, April Latrice Hunter was operating a white 2020 Mercedes Benz Metris van owned by the United States Postal Service. Ms. Hunter was traveling southbound on 4th Street in the 4500 block, approaching the intersection with Grand Avenue.

6.4. The intersection was controlled by a stop sign facing Ms. Hunter's direction of travel.

6.5. Ms. Hunter failed to stop as required. An independent witness at the scene reported to the investigating officer that Ms. Hunter's vehicle rushed across Grand Avenue. The postal van struck the front of the vehicle in which Plaintiff was riding.

6.6. Ms. Hunter was issued citations for failure to yield at an intersection and for driving with an expired driver's license.

6.7. At all times material to this suit, Ms. Hunter was operating the postal vehicle in the course and scope of her employment with the United States Postal Service and in furtherance of the business of the United States of America.

6.8. As a direct and proximate result of the collision, Plaintiff sustained serious bodily injuries, including but not limited to traumatic brain injury with contusions and diffuse axonal injury, post concussive syndrome, cervical and lumbar injury, right hip injury, temporomandibular joint disorder with associated jaw pain, burn injuries to the chest and face from airbag deployment, injuries to the right leg, right wrist, and both shoulders, tinnitus, visual disturbance, sleep disturbance and insomnia, headaches, and neurocognitive and mood symptoms. This description is a general summary and does not list every injury sustained by Plaintiff as a result of this incident.

## VII.
## COUNT ONE
## NEGLIGENCE OF THE UNITED STATES OF AMERICA

7.1. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth here.

7.2. This action is commenced and prosecuted against the United States of America in compliance with 28 U.S.C. §§ 2671 through 2680. The liability of the United States is predicated on 28 U.S.C. § 2674, because Plaintiff's injuries and resulting damages were proximately caused by the negligent acts and omissions of an employee of the United States acting within the course and scope of her office and employment, under circumstances in which the United States, if a private person, would be liable to Plaintiff in accordance with the law of the State of Texas.

7.3. The United States Postal Service is an agency of the United States of America. The Defendant United States of America, through its agency, the United States Postal Service, at all

material times owned, operated, and controlled the United States Postal Service and staffed its facilities and vehicles with its agents, servants and employees.

7.4. April Latrice Hunter owed Plaintiff a duty to operate the postal vehicle with ordinary care, meaning that degree of care that a reasonably prudent driver would have exercised under the same or similar circumstances.

7.5. Ms. Hunter breached that duty. Acting within the course and scope of her employment, she was negligent in one or more of the following respects, each of which singularly or in combination was a proximate cause of the collision and of Plaintiff's injuries and damages.

7.5.1. Failing to keep a proper and safe lookout for other vehicles.

7.5.2. Failing to maintain proper and safe control of the vehicle.

7.5.3. Failing to control the speed of the vehicle.

7.5.4. Failing to yield the right of way.

7.5.5. Taking faulty evasive action, or failing to take proper evasive action.

7.5.6. Entering the intersection when it was unsafe to do so.

7.5.7. Operating a motor vehicle upon a public roadway while her Texas driver's license was expired.

7.5.8. Failing to stop at a stop sign as required, which constitutes both common law negligence and negligence per se in violation of Section 544.010 of the Texas Transportation Code.

7.5.9. Failing to stop and yield as required, which constitutes both common law negligence and negligence per se in violation of Section 545.153 of the Texas Transportation Code.

7.5.10. Operating the vehicle in willful and wanton disregard for the safety of persons and property, including Plaintiff, which constitutes both common law negligence and negligence per se in violation of Section 545.401(a) of the Texas Transportation Code.

7.5.11. At all material times, the employee, agent, or representative of the United States Government was negligent and caused the injuries sustained by Plaintiff.

7.6. Plaintiff is a member of the class of persons that the referenced statutes were designed to protect, and the injuries she sustained are of the type that those statutes were designed to prevent.

7.7. The United States of America is liable for the negligent acts and omissions of Ms. Hunter under the doctrine of respondeat superior and under 28 U.S.C. § 2674.

## VIII.
## COUNT TWO, PLED *IN THE ALTERNATIVE*
## NEGLIGENCE OF CALVIN LEE STREMMEL

8.1. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth here.

8.2. This Count is pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2) and 8(d)(3), which permit a party to set out two or more statements of a claim alternatively and to state as many separate claims as the party has, regardless of consistency. Plaintiff's primary position remains that the collision was caused solely by the negligence of April Latrice Hunter. Plaintiff pleads this Count solely in the alternative, and solely in the event the trier of fact determines that Defendant Calvin Lee Stremmel bears any share of responsibility for the occurrence.

8.3. Defendant Stremmel owed Plaintiff, his passenger, a duty to operate his vehicle with ordinary care.

8.4. In the alternative, and only in the alternative, Defendant Stremmel breached that duty and was negligent in one or more of the following respects, each of which singularly or in combination may have proximately caused or contributed to cause the collision and Plaintiff's injuries and damages.

8.4.1. Failing to keep a proper and safe lookout for other vehicles as he entered and occupied the intersection.

8.4.2. Failing to maintain proper and safe control of his vehicle.

8.4.3. Turning left at a time when the turn could not be made safely.

8.4.4. Failing to yield the right of way.

8.4.5. Entering or remaining in the intersection when it was unsafe to do so.

8.4.6. Failing to control the speed of his vehicle.

8.4.7. Failing to take proper evasive action to avoid the collision.

8.5. Plaintiff pleads this alternative Count in part to preserve her right to full recovery under Chapter 33 of the Texas Civil Practice and Remedies Code, which applies to this action as substantive Texas law. In the event the trier of fact assigns any percentage of responsibility to Defendant Stremmel, Plaintiff is entitled to judgment against him in proportion to that percentage.

## IX.
## DAMAGES

9.1. As a direct and proximate result of the negligent acts and omissions described above, Plaintiff Brooke Anne Reid has sustained injuries and damages that would not otherwise have occurred. Plaintiff pleads for all damages available under Texas state law, federal law, and equity, including the following.

9.1.1. Past and future physical pain and suffering.

9.1.2. Past and future mental anguish.

9.1.3. Past and future physical impairment and disability.

9.1.4. Past and future physical disfigurement.

9.1.5. Past and future loss of earnings and loss of earning capacity.

9.1.6. Past and future reasonable and necessary charges for medical care, nursing, hospital, rehabilitation, custodial care, attendant care, health care supplies, and other health care services.

9.1.7. Past and future reasonable and necessary expenses incurred for substitute domestic services.

9.1.8. Past and future loss of spousal household services, care, comfort, companionship, and society.

9.1.9. Past and future reasonable value of the loss of consortium.

9.1.10. Out of pocket expenses.

9.1.11. Property damage.

9.1.12. Plaintiff BROOKE ANNE REID pleads for all other damages, pecuniary or otherwise, arising out of law or equity, that she may be justly and equitably entitled to, in the wisdom of the Court.

9.2. Pursuant to 28 U.S.C. § 2675(b), Plaintiff's recovery against the United States of America is limited to the sum certain of $2,050,000.00 stated in her administrative claim, except upon a showing of newly discovered evidence not reasonably discoverable at the time of presentment, or upon allegation and proof of intervening facts relating to the amount of the claim. Plaintiff expressly reserves the right to seek an increase in that amount upon such a showing.

9.3. Plaintiff further seeks prejudgment interest to the extent allowed by law, postjudgment interest at the applicable legal rate, and all taxable costs of court.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited in terms of law to appear and answer this complaint, and that upon final trial of this cause Plaintiff BROOKE ANNE REID have and recover judgment as follows.

a. Against Defendant United States of America for the entirety of Plaintiff's actual damages, jointly and severally, within the jurisdictional limits of this Court and within the sum certain stated in Plaintiff's administrative claim.

b. In the alternative, against Defendant United States of America for actual damages in proportion to the percentage of responsibility assigned to it by the trier of fact.

c. In the alternative, against Defendant Calvin Lee Stremmel for the entirety of Plaintiff's actual damages, jointly and severally, or in proportion to any percentage of responsibility assigned to him by the trier of fact.

d. Prejudgment interest to the extent allowed by law.

e. Postjudgment interest at the applicable legal rate.

f. All taxable costs of court.

g. The amount of actual damages and for such other and different amounts as Plaintiff shall show by proper amendment before trial.

h. Such other relief, at law and in equity, both general and special, to which Plaintiff BROOKE ANNE REID may show herself entitled and to which the Court believes her deserving.

Respectfully submitted,

**FUDGE LAW FIRM, PLLC**
12703 Spectrum Drive, Suite 100A
San Antonio, Texas 78249 (Main & Mailing)
930 E. Blanco Road, Suite 400B
Boerne, Texas 78006

Holly Fudge-Stokes

**HOLLY FUDGE-STOKES**
Attorney-in-Charge
State Bar No. 24056784
PH: (830) 383-3333
FX: (210) 399-4998
EM: holly@fnslawfirm.com

***ATTORNEY FOR PLAINTIFF***
***BROOKE ANNE REID***